IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL E. MEDINA, MELISSA A. | § | CASE NO: 06-10252 |
| MEDINA | § | |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

**MEMORANDUM OPINION AND ORDER OBJECTION TO PLAN CONFIRMATION**

On this day came on for consideration the Objection to Confirmation of Debtors' Plan filed by Citifinancial Auto, Ltd ("Citi"). The Court, having heard the evidence and arguments of counsel, finds that the Objection should be overruled and the plan confirmed.

**BACKGROUND**

Michael and Melissa Medina (the "Debtors") purchased a 2001 Chevrolet Tahoe (the "Vehicle") on August 24, 2005, from Citi. The Debtors signed a retail installment contract for the purchase of the Vehicle. Debtors filed their chapter 13 bankruptcy petition on April 20,2006, within 910 days of the date the debt to Citi was incurred.  On the date the petition was filed, Citi was owed $23,438.66.

The Debtors sole means of transportation is the Vehicle. As of August 24, 2005, and until October, 2006, Michael Medina was unemployed. Melissa Medina is employed as a teacher for Mercedes I.S.D. Neither of the Debtors are self-employed. Debtors use the vehicle to travel to and from work.

Debtors proposed to bifurcate Citi's claim into secured and unsecured portions. Debtors propose to pay the secured portion of the Vehicle in the amount of $18,225.00, at 9.75% interest over the life of the plan. The remaining amount of $5,213.66 will be treated as an unsecured claim and paid 6% with no interest over the life of the plan. Citi objects to plan confirmation

based on the Debtors' proposed bifurcation of the debt.

## DISCUSSION

The Court has jurisdiction over the subject matter of this issue pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding. 28 U.S.C. §157(b)(2)(B),(K), (L), & (O).

The Bankruptcy Code was amended by the BAPCPA effective October 17, 2005. Among the changes to the Code was the addition of a final, unnumbered,  paragraph in 11 U.S.C. §1325(a) (the "Hanging Paragraph"), which provides as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day(sic) preceding the date of the filing of the petition, the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

-- 11 U.S.C. §1325(a)().

If a secured creditor does not agree to its treatment under a chapter 13 plan, the plan must provide that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. §1325(a)(5)(B)(i) and (ii). Section 506 of the Bankruptcy Code is the provision which allows a debtor to bifurcate a secured claim into an unsecured and secured claim when the value of the collateral is less than the amount of the debt. 11 U.S.C. §506(a).

The Hanging Paragraph allows cram-down of a vehicle only if the creditor holds a purchase money security interest, the debt was incurred within 910 days of the date the bankruptcy petition was filed, and the vehicle was acquired for the personal use of the debtor. In this case, the first two requirements are conceded by the Debtors. The issue before the Court therefore is whether the Vehicle was acquired for the personal use of the Debtors.

"Personal use" is not defined in the Bankruptcy Code. Courts interpreting the term have developed a variety of approaches. One approach suggests that the term is "satisfied if the acquirer intended a debtor's personal use to be significant and material." *In re Solis* , 356 B.R. 398, 409   (Bankr.S.D.Tex. 2006); *In re Wilson* , 2006 WL 3512921 (Bankr. D. Kan. 2006). Another approach suggests that the Internal Revenue guidelines should apply, which provide that vehicles used for transportation to and from work are not business property. *See, e.g. Wilson, supra* . at n. 14; *In re White* , 2006 WL 2827321 (E.D. La. 2006). Finally, other Courts apply a totality of the circumstances test on a case-by-case basis, and holds that a vehicle is not for personal use if it enables a debtor to make a significant contribution to the family income. *In re Johnson* , 350 B.R. 712 (W.D. La. 2006); *In re Hill* , 352 B.R. 69 (Bankr. W.D.La. 2006).

Having considered all the scholarly approaches to the conundrum provided by Congress, this Court believes that the totality of the circumstances/significant contribution test best utilizes the Hanging Paragraph. The Court must assume that Congress knew what they were saying when the amendment was drafted. If Congress wanted Courts to use the IRS definition of personal use it could easily have added that language. Clearly Congress knows how to integrate IRS standards into the Bankruptcy Code because it specifically did so in 11 U.S.C.§707(b)(2)(A)(ii)(I). *See, In re Johnson, supra* . at 715.  The Court also rejects the interpretation that a vehicle is acquired for personal use if that use is "significant and material." *See, In re Solis, supra* .

The Hanging Paragraph favors one set of secured creditors over others and should therefore be strictly construed. The Court holds that "a substantial factor in considering the totality of the circumstances is whether the acquisition of the vehicle enabled the debtor to make a significant contribution to the gross income of the family unit. If it did, then this court concludes that the vehicle was not 'acquired for the personal use of the debtor.'" *In re Johnson, supra.*   at 716.

Turning to the facts of this particular case and looking at the totality of the circumstances, the Court finds that  the Vehicle was not acquired for personal use because from the time of purchase, Melissa Medina used the vehicle for transportation to and from her employment. The Vehicle allowed  Ms. Medina to make a significant contribution to the family's gross income, which she could not have made without use of the vehicle. *Id*. Accordingly, the Court finds that the Vehicle was not acquired for the personal use of the Debtors as contemplated by the Hanging Paragraph and therefore the plan is confirmable.

### CONCLUSION

For the reasons set forth above, the Court finds that Citi's objection to confirmation should be overruled and the plan should be confirmed.

SIGNED 03/12/2007.

RICHARD S SCHMIDT
United States Bankruptcy Judge